*457 OPINION.
Littleton
: The petitioner contends that the Commissioner erred (1) in computing the deductions for exhaustion, wear and tear of buildings, machinery, and equipment, in that his determination of values as of March 1, 1913, and of the cost of additions and replacements made subsequent to March 1, 1913, ivas inaccurate: (2) that this deduction, in respect of steel and corrugated iron buildings, should have been computed at the rate of 5 per cent instead of 3 per cent; (3) that the deduction on account of exhaustion of machinery and equipment should have been computed at the rate of 20 per cent instead of 10 per cent; (4) that certain deductions on account of debts alleged to have been worthless and charged off within the year 1918 were erroneously disallowed by the Commissioner, and (5) that the invested capital for the taxable years should not have been reduced on account of the tax paid during the year upon the income for the preceding year.
The only evidence submitted by the taxpayer in support of its claim that the values on March 1, 1913, of its buildings, machinery and equipment were greater than those determined by the Com *458 missioner, consists of appraisals made of its various properties on December 31, 1915, upon the basis of cost of reproduction of the property on hand as of that date. It is contended that the Board should accept these appraisals for the purpose of arriving at the fair market price or value of the various properties on March 1, 1913, by eliminating from the values fixed by the appraisal the cost of additions between March 1, 1913, and December 31, 1915, and by subtracting from the remaining amounts $131,000, representing depreciation for years prior to 1913. No evidence of any character was submitted showing the fair market price or value of the properties in question on March 1, 1913, or showing that the taxpayer’s method of determining the value on March 1, 1913, upon the basis of cost of reproduction less depreciation, in any way represented the fair market value on that date. The taxpayer’s auditor undertook to testify as to what the company’s books contained relative to the original cost of the various properties owned by it on March 1, 1913, and the cost of additions subsequent thereto. The books of account were not produced at the hearing nor were their contents offered in evidence in a competent manner. The Commissioner objected to the testimony of the Avitness as to what the books contained, upon the ground that the books Avere the best evidence of their contents. In these circumstances, the Board can not accept the testimony offered as proof of the original cost of the properties or the cost of subsequent additions and improvements. In any event, cost of reproduction on December 31, 1915, less an estimated amount for depreciation to the basic date, can not be accepted as representing the fair market price or value on March 1, 1913, for the purpose of deduction for exhaustion, wear and tear thereof, in the absence of proper evidence that the fair market price or value Avas equal to such reproduction cost. Appeals of Rockford Malleable Iron Works, 2 B. T. A. 817; Tibby-Brawner Glass Co., 2 B. T. A. 918; Stokes Milling Co., 2 B. T. A. 1284; Strong, Hewat & Co., 3 B. T. A. 1035.
In addition to the lack of competent evidence of the market value on March 1, 1913, of the various properties, the Board is without any information as to the probable remaining useful life on that date of the plants purchased by the petitioner at Detroit and Grand Rapids, Mich., Marion, Ind., and Franklin, Pa.
The only evidence in support of the taxpayer’s claim that it should be allowed a deduction for exhaustion, wear and tear of the machinery and equipment during the taxable years at the rate of 20 per cent instead of 10 per cent, consists of testimony that during those years its production in tonnage was slightly greater than in prior years, and that, due to war conditions, the labor employed in its various plants was inefficient. The Franklin, Pa., *459 plant occasionally operated at night, otherwise the usual number of hours per week was maintained in the operation of the various plants. It appears that during the taxable years considerable additions were made to the plants and that the machinery and equipment were kept in good repair. In the opinion of the Board, the evidence on this point does not warrant an allowance for exhaustion, wear and tear of machinery and equipment at the rate of 20 per cent during the taxable years.
The taxpayer further claims that, the Commissioner erroneously included in the “ Power Plant Account ” equipment of the value of $253,272.45 and computed the exhaustion thereof at the rate of 5 per cent, which equipment should have been placed in the “ Machinery Account ” and exhausted at the rate of 10 per cent. The Board is without sufficient evidence to show that the Commissioner erred in this respect.
As to the claim that the Commissioner erred in disallowing a deduction of $40,101.07 on account of debts alleged to have been ascertained to be worthless and charged off within the taxable year 1918, it appears that no effort was made during the year 1918 to determine whether or not the debts claimed to have been worthless were in fact without value, and it further appears that they were not charged off until some time in February or March, 1919. Under these circumstances, the Commissioner correctly disallowed the deduction of this amount from gross income for the year 1918. Appeals of Greenville Textile Supply Co., 1 B. T. A. 152; Donalsonville Oil Mill, 1 B. T. A. 167; Murchison National Bank, 1 B. T. A. 617; West Virginia & Pennsylvania Coal & Coke Co., 1 B. T. A. 790; Jessie B. Wadsworth, 1 B. T. A. 1043; Dover Iron Co., 1 B. T. A. 1123; George J. Reid, 1. B. T. A. 1168; Tri-City Electric Co., 2 B. T. A. 89; David Baird & Son, Inc., 2 B. T. A. 901.
With the exception of the accounts of Pittsburgh Hickson & Co., of $9,000, the Maxfer Truck Co., of $6,000, and of the Smith Motor Truck Co., amounting to $18,217.17, the evidence of worthlessness of the accounts hereinabove mentioned is not sufficient to warrant the deduction thereof from gross income for the year 1919.' The credit extended by the petitioner for materials sold was for a period of from 60 to 90 days. The Board has practically no evidence of worthlessness of the accounts beyond the fact that they were overdue and this fact, standing alone, is not sufficient to warrant the accounts being deducted as worthless. Appeal of Alemite Die Casting & Mfg. Co., 1 B. T. A. 548.
The fact that the value of the stock of the St. Louis Car Co. had declined does not warrant it being charged off as worthless. The company was still in existence. It had not disposed of its assets and the stock had some value.
*460 The Board is satisfied, from the evidence, that the accounts of Pittsburgh Hickson & Co., amounting to $9,000, the Maxfer Truck Co., amounting to $6,000, and the Smith Motor Truck Co., amounting to $18,217.17, were properly determined to be worthless and charged off within the year 1919. The totals of these accounts were, therefore, proper deductions from gross income for 1919.
The deficiency letter discloses that the Commissioner allowed a deduction of $6,884.58 on account of debts ascertained to be worthless and charged off within the year 1919, but the evidence does not disclose whether the account of the Maxfer Truck Co. was included in this allowance. This, however, is a matter that may be determined upon final settlement of the deficiencies.
The reduction of the taxpayer’s invested capital for each of the taxable years, on account of the tax paid within the year upon the income for the preceding year, is approved. Section 1207, Revenue Act of 1926. Appeal of Russel Wheel & Foundry Co., 3 B. T. A. 1168.
, Order of redetermination roiTl he entered on 15 days' notice, under Rule 50,